## SUPREME COURT.

NELSON C. CHAPMAN agt. SIMEON DRAPER, EDWARD C. WEST, and THE SOCIETY OF THE NEW-YORK HOSPITAL.

In an action for specific performance of a contract to convey several lots of land, being part of a tract owned by one of the defendants, and upon which he had given mortgages prior to the contract to sell,

*Held,* that the prior *mortgagees* were improperly made parties defendants to the action. They should not be involved in a law suit in *anticipation* that they might foreclose and sell the plaintiff's lots first. When they undertake proceedings touching the plaintiff's rights, it will then be time enough for him to move.

*New-York Special Term,* 1854.—Demurrer to complaint.

THE plaintiff alleges that he purchased of defendant, Draper, four lots on 107th street, for $840, paying ten per cent. in cash; that thirty per cent. was to be paid on the delivery of the title, and the remainder to be secured by mortgage; that, although ready on his part, the defendant, Draper, has not complied with his bargain, but has put the plaintiff off with excuses. He, therefore, prays for a decree of specific performance.

The four lots in question, it appears, are part of a tract owned by Draper, containing about fourteen acres, or between

one and two hundred lots, previously mortgaged by him for several thousand dollars to the other defendants, who insist that they have nothing to do with the controversy, and ought not to have been made parties to the suit.

ROOSEVELT, Justice.    The demurrers, it seems to me, are well taken.    It is said they ought to be compelled, when they come to foreclose, to sell first the lots not embraced in plaintiff's contract.    But it is not alleged that they intend to do otherwise.    They have done no wrong to the plaintiff, and threaten none.    Their rights, too, are paramount to his, and he had legal notice of those rights when he made his purchase. *Sic utere tuo ut alienum non lædas*, is a maxim, I admit, both of law and of morals.    But in this case there is no pretence that the prior mortgagees contemplate so using their own as to injure their neighbor's.    When they commence their foreclosure suits —should they ever do so—they will, no doubt, conduct them with a due regard to the equities of all parties.    It will be time enough to act on a contrary presumption when a contrary purpose is developed.    To allow each purchaser of a single lot, out of nearly two hundred, to involve the innocent mortgagees of the whole tract in as many law suits, by anticipation, as there are lots, would be as oppressively unjust, as it is palpably unnecessary.    Such a practice once established, and generally understood, would render loans on blocks, or parcels of lots, nearly, if not entirely, unattainable, and the securities, if taken, unavailable, unless at a ruinous discount.

The plaintiff's bill, therefore, as against the defendants, Edward C. West and The Society of the New-York Hospital, must be dismissed with costs.